**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAROD GUNN,                                 ) NO. CV 06-1695-MAN
                                            )
                Plaintiff,                  )
                                            )
        v.                                  ) MEMORANDUM OPINION AND ORDER
                                            )
MICHAEL J. ASTRUE,                          )
Commissioner of the                         )
Social Security Administration,             )
                                            )
                Defendant.                  )
_____)

    Plaintiff filed a complaint, pursuant to 42 U.S.C. §§ 405(g) and
1383(c), on March 23, 2006, seeking review of Defendant's decision to
deny his claim for social security benefits ("Complaint").    On March
27, 2006, the Court issued its Case Management Order for this action,
which set an orderly schedule for the progress of this litigation (the
"CMO").

    The CMO required, among other things, that Plaintiff promptly serve
Defendant with process and file a proof of service with the Court.  The
CMO also established a schedule for the parties' actions once service of

process had occurred.   Plaintiff thereafter served Defendant with process and filed the required proof of service with the Court.   On August 2, 2006, Defendant filed a notice establishing that the certified administrative record had been served on counsel for Plaintiff, as required by the CMO.   Under Paragraphs V-VI of the CMO, that action triggered deadlines by which the parties were to engage in good faith settlement negotiations.   On September 28, 2006, Defendant filed an Answer to the Complaint and the certified Administrative Record, thereby indicating that a settlement had not been reached.   As a result, the parties were required to file a Joint Stipulation by a deadline established in Paragraph IX of the CMO.

On October 11, 2006, Plaintiff's counsel filed a motion to withdraw as counsel.   On October 12, 2006, the Court set a briefing schedule on the motion to withdraw and required Plaintiff to file his opposition, if any, by November 1, 2006.   Plaintiff did not file any response to the motion to withdraw, nor did he request an extension of time to do so or otherwise communicate with the Court.   On November 30, 2006, the Court granted the motion to withdraw and permitted counsel to withdraw from any further representation of Plaintiff.   The Court also extended the deadline for filing the Joint Stipulation by 30 days, *i.e.*, to January 2, 2007.

The Joint Stipulation was not filed by January 2, 2007, or any later date.   On May 29, 2007, the Court issued an Order to Show Cause to Plaintiff ("OSC"), noting the delay in the progress of this action.   The OSC advised Plaintiff that this action was subject to involuntary dismissal, pursuant to Rule 41(b) of the Federal Rules of Civil

2

Procedure, because of his failure to prosecute the case.   The OSC directed Plaintiff to file a response by no later than June 19, 2007, showing cause why this case should not be dismissed.   The OSC cautioned Plaintiff that his "**failure to respond to this Order by no later than June 19, 2007, <u>will</u> result in a dismissal of this case, without prejudice, for failure to prosecute**" (emphasis in original).

Plaintiff's time to respond to the OSC expired seven days ago. Plaintiff has neither responded to that order nor requested an extension of time to do so, and he has not communicated with the Court at all.[1] Given that Plaintiff was warned that dismissal <u>would</u> result if he failed to timely respond to the Court's OSC, and given Plaintiff's failure to otherwise communicate with the Court since his counsel was permitted to withdraw almost seven months ago, it appears that Plaintiff no longer wishes to prosecute this action.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.   <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).   In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

---

[1]   A review of the docket for this action reveals that the OSC was sent to Plaintiff at his address of record and has not been returned by the United States Post Office.   Accordingly, the Court presumes that Plaintiff received the OSC.

3

defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).

Dismissal of this case without prejudice is warranted under Rule 41(b). Plaintiff's failures to comply with the CMO and the OSC or to communicate with the Court necessarily implicate both the interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently -- the first and second factors. *See* <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002); *see also* <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to undertake the actions required by the CMO has caused this action to come to a halt, thereby impermissibly "allowing Plaintiff to control the pace of the docket rather than the Court." *Id.* The fifth factor also weighs in favor of dismissal, as the OSC specifically admonished Plaintiff that a failure to respond would result in the dismissal of this action. Although Plaintiff was provided with the opportunity to request that this action continue, he ignored it. *See* <u>Ferdik</u>, 963 F.2d at 1262.[2]

A balancing of these factors, therefore, leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted.

---

[2]     The Court notes that the third factor -- possible prejudice to the opposing party -- is, at best, neutral to Plaintiff. While the Court, on the record before it, cannot ascertain whether Plaintiff's dilatoriness actually has resulted in any concrete prejudice to Defendant, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See* <u>Eisen</u>, 31 F.3d at 1452-53; <u>Moore v. Teflon Communications Corp.</u>, 589 F.2d 959, 967-68 (9th Cir. 1978); <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976).

1  *See* <u>Ferdik</u>, 963 F.2d at 1263 (dismissal appropriate where supported by

2  three factors); <u>Henderson</u>, 779 F.2d at 1425 (same).

3

4      Accordingly, IT IS ORDERED that this action shall be dismissed

5  without prejudice, pursuant to Rule 41(b), for lack of prosecution.

6

7      IT IS FURTHER ORDERED that the Clerk serve copies of this

8  Memorandum Opinion and Order and the Judgment herein on Plaintiff and

9  counsel for Defendant.

10

11     LET JUDGMENT BE ENTERED ACCORDINGLY.

12

13  DATED: June 26, 2007.

14

15                              _____/s/_____

16                              MARGARET A. NAGLE
                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                    5